THE EMPIRE BUILDING AND MUTUAL LOAN ASSO-
CIATION AND GEORGE H. POOL, APPELLANTS, v. MARY
E. STEVENS IMPLEADED WITH JOHN O. STEVENS,
RESPONDENT.

*Practice — First department — Motion to confirm referee's report — Special Terms —
at which heard.*

Where, upon the trial of an equity case at the Special Term in the first district,
an interlocutory decree is made directing a reference for certain purposes, a
motion to confirm the report must be made at a Special Term for enumerated
motions, and not at a Special Term and chambers for non-enumerated motions
only.

APPEAL from an order denying a motion made at chambers, to
confirm a report of a referee in an equity case tried at Special
Term.

*H. Brewster*, for the appellants.

*A. J. Perry*, for the respondent.

BRADY, J. :

This was an action for the foreclosure of a mortgage. Justice
VAN VORST, before whom the trial was had at Special Term, made
an interlocutory decree directing a reference for certain purposes,
and that on the coming in of the report the plaintiff have final
judgment, etc. The report of the referee was sent back for further
findings, and a supplemental report having been made, a motion
was made at chambers and Special Term to confirm the reports.
This motion was denied, and it would seem because the motion
was not made at the Special Term proper, the tribunal in which
the interlocutory decree was made. In the distribution of the
business of this court in this department, the chambers and Special
Term for non-enumerated motions are held each month, but the
Special Term for enumerated motions, and for trials in equity
causes and of issues of law, are not so frequently held, and are
entirely distinct. The tribunal for the disposition of contested
cases in equity, upon complaint and answer, is a different branch
of this court from that of the allied chambers and Special Term,

and the duties to be performed in each are well known and clearly defined. When the interlocutory decree was entered herein the proceedings to ultimate a final judgment were necessarily to be had in the court pronouncing it, and hence it was necessary to go back to it for that purpose. This was not done, and the practice of the counsel for the respondent was erroneous. He had sought the intervention of a court having, by precedent and practice, no duty to perform such as he called for. It was incumbent upon him to apply to the tribunal having taken cognizance of the issues and having passed upon them.

For these reasons the order appealed from should be affirmed; but we think, under the circumstances, without costs of the appeal to either party, and without prejudice to a renewal of the application at the Special Term.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, without costs.